RECEIVED
JUN 1 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JAMES L. SOILEAU | CIVIL ACTION NO. 06-0643 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on April 17, 2006 by *pro se* petitioner, James L. Soileau. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana where he is serving fifty and two year sentences imposed following his 1995 simple burglary and theft convictions, respectively, and his adjudication as an habitual offender entered in Louisiana's Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d), and alternatively, that petitioner's claims be **DENIED** and **DISMISSED** with prejudice because they are procedurally defaulted.

## STATEMENT OF THE CASE

The procedural history in this case is somewhat unclear. However, it appears that on March 21, 1995 petitioner was convicted of simple burglary and felony theft, for which he was sentenced to serve consecutive sentences of twelve and two years, respectively. On some unspecified date thereafter, petitioner was adjudicated a fourth felony offender. As a consequence of this adjudication, the original sentences were vacated and petitioner was sentenced under the habitual offender statute to serve fifty years at hard labor without benefit of probation or suspension of sentence.

Petitioner appealed his conviction, habitual offender adjudication, and enhanced sentence to the Louisiana Third Circuit Court of Appeals. On May 15, 1996, the Third Circuit affirmed petitioner's convictions and his adjudication as a fourth felony offender, despite petitioner's complaints that the trial court failed to advise him of his right to remain silent during the habitual offender proceeding[1], but remanded the case to the trial court for re-sentencing because the trial court failed to specify which of the two sentences was enhanced under the habitual offender statute. *State of Louisiana v. James Lawrence Soileau*, 95-1214 (La. App. 3 Cir. 5/15/96), 677 So.2d 518.

On remand, petitioner was apparently re-sentenced to serve fifty years at hard labor on the simple burglary conviction as enhanced by the habitual offender

---

[1] The court found that the error was not reversible given that petitioner testified during his trial and admitted having been convicted of the crimes used as predicate offenses. Accordingly, the trial court properly took judicial notice of the defendant's admissions. *Soileau*, 677 So.2d at 519.

2

adjudication, and two years on the theft conviction. Although the nature of the proceeding is unclear, petitioner alleges that he sought further direct review in the Third Circuit, apparently after his re-sentencing, under that court's docket number 99-00605. According to petitioner, review was denied on April 29, 1999. However, communication with the Clerk of the Louisiana Third Circuit Court of Appeals reveals that review under that docket number was denied on September 3, 1999.

Petitioner also alleges that he filed a "Motion for Double Jeopard Claus" [sic] in the Third Circuit on October 20, 1998. This writ was apparently filed under the Third Circuit's docket number 98-01618. Petitioner alleges that on May 17, 1999 this writ was granted and "made peremptory" by decision dated June 16, 1999. Moreover, he claims to have filed a "Motion to Reconsider Sentence" which was denied by the trial court and not appealed.

On March 16, 2004, petitioner filed a "Motion to Correct an Illegal Sentence". That "motion" was denied by the trial court on November 3, 2004. Petitioner's request for review in the Louisiana Third Circuit Court of Appeal was denied on January 26, 2005 under The Third Circuit's docket number KH 04-01577. Petitioner's request for relief in the Louisiana Supreme Court was denied on January 27, 2006. *State of Louisiana ex rel. James L. Soileau v. State of Louisiana*, 2005-0837 (La. 1/27/2006), 922 So.2d 538. Review of the Louisiana Supreme Court's decision reveals that the court construed petitioner's "motion" as an application for post-conviction relief which had

been untimely filed, citing Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, and *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694 as the basis for its decision.

Petitioner filed this federal *habeas corpus* petition on April 17, 2006. In this action, petitioner challenges his habitual offender adjudication, arguing that his enhanced sentence is invalid because he was not advised of his right to remain silent or his right to a formal hearing on the multiple offender bill, prior to the time that his counsel informed the court that petitioner did not dispute the prior convictions set forth in the multiple offender bill.[2]

## LAW AND ANALYSIS

### Timeliness of the Petition

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, this court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

---

[2] In his standardized petition, petitioner alleges that he "was not read his rights prior to the 15:529.1 hearing therefore it should be invalid", that his sentence is excessive, that he was not appointed counsel to assist him with his Motion to Correct Illegal Sentence and that he received ineffective assistance of counsel. However, the sole issue briefed by petitioner in his memorandum accompanying the petition is his claim regarding the alleged deficiencies in his multiple offender adjudication. Because the undersigned finds that the entire petition is barred by the one-year limitation period and that his claims are barred by the procedural default doctrine, the undersigned finds it unnecessary in this case to permit petitioner to supplement his memorandum to brief the other issues which he may have intended to present to this court.

4

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[3]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition ...." *Villegas*, 184 F.3d at 472 citing *Flanagan*, 154 F.3d at 199, n.1; *Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000); *Magee v. Cain*, 2000 WL 1023423, *4

---

[3] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B), (C), and (D). Accordingly, these subsections are inapplicable.

(E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The above procedural history demonstrates that petitioner's theft and simple burglary convictions, sentence for theft and enhanced sentence for simple burglary became final, at the latest, after the delay for seeking direct review in the Louisiana Supreme Court expired following the Third Circuit's September 3, 1999 decision under docket number 99-00605, that is, at the latest, on October 3, 1999, thirty days thereafter. Louisiana Supreme Court Rule X, §5(a) [4]; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Therefore, petitioner had one year, or until the corresponding date in October 2000 to file for relief in this court.

Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2). Whether construed as further direct review or a form of collateral relief, by his own admission, petitioner's "Motion for Double Jeopard Claus" [sic] (Third Circuit's docket number 98-01618) concluded well before the date of finality determined above, that is, at the latest on June 16, 1999. Moreover, petitioner's "Motion to Reconsider Sentence" could not have tolled the limitation period as Louisiana law allows the filing of such motions in felony cases within thirty days following imposition of sentence; thus, any motion filed

---

[4] Under Louisiana Code of Criminal Procedure article 922, petitioner's judgment of conviction became final 14 days after the Third Circuit issued its decision and no application for rehearing had been filed. However, under Louisiana Supreme Court Rule X, § 5(a) the time for seeking review in the Louisiana Supreme Court is 30 days. Because §2244(d)(1)(A) provides that the period of limitations runs from "the expiration of the time for seeking [direct] review", the undersigned has given petitioner the benefit of the longer period set forth in Rule X.

after that time could not be considered "properly filed" for purposes of AEDPA tolling.[5] See La.C.Cr.P. art. 881.1(A)(1); *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (an untimely state post-conviction petition is not "properly filed" for purposes of AEDPA statutory tolling provision).

Petitioner admits that he did not file another pleading attacking his conviction or multiple offender adjudication until March 16, 2004 when he filed a Motion to Correct an Illegal Sentence in the Thirteenth Judicial District Court. However, by that date, the federal limitations period had already expired. Once the limitation period imposed by 28 U.S.C. § 2244(d)(1) expired, it could not be revived by the filing of an application for relief in state court. See *Villegas*, 184 F.3d 467, citing *Flanagan*, 154 F.3d at 197; *Bogan*, 55 F.Supp.2d at 600; *Sorce*, 73 F.Supp.2d at 294; *Banford*, 2000 WL 1808491, at *2; *Williams*, 2000 WL 863132, at *2; *Magee*, 2000 WL 1023423, at *4; *Anderson*, 2005 WL 2304484, at *2 *Jones*, 2005 WL 2304484, at *2. Petitioner's post-conviction proceedings did not restart the limitation period which had already properly commenced, at the latest, in October, 1999 and expired in October, 2000. *Salinas, supra.*

Moreover, petitioner's Motion to Correct did not toll the limitation period from the date of filing, March 16, 2004, through final disposition by the Louisiana Supreme Court on January 27, 2006. The Louisiana Supreme Court clearly found petitioner's "motion" had been untimely filed, citing Louisiana Code of Criminal Procedure article 930.8, *State*

---

[5]Further, any such timely filed Motion would necessarily have concluded prior to the date of finality of petitioner's convictions and sentences set forth above.

7

*ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, and *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694 as the basis for its decision.[6] The United States Supreme Court has held that post-conviction pleadings found untimely under state law, as petitioner's "motion" was, are not "properly filed" for purposes of the statutory tolling of the federal one-year limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, under *Pace*, the almost two year period during which petitioner's motion to correct was pending, that is, from March 16, 2004 through January 27, 2006, was not tolled. Petitioner does not allege that he had any other "properly filed" post-conviction proceeding "pending" during this period. Accordingly, that two year period in and of itself establishes that the instant petition, which was not filed until April 17, 2006, is clearly time-barred.

**Procedural Default**

Even if the instant petition could be considered timely filed, the claims asserted herein cannot be reviewed by this court as they are procedurally defaulted. The record and published jurisprudence of the State of Louisiana establish that petitioner sought review of his claims relating to his simple burglary and theft convictions and multiple offender adjudication in the Louisiana Supreme Court on only a single occasion, that is,

---

[6]Article 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief. The two-year period is determined from the date of finality of the judgment of conviction and sentence.

In *Parker* the Louisiana Supreme Court held that the limitations period of article 930.8 and not the unlimited period allowed for filing a motion to correct an illegal sentence applies to claims of trial error. *Parker*, 711 So.2d at 695. In *Glover*, the Louisiana Supreme Court held that an appellate court reviewing the judgment of trial court on an untimely application for post-conviction relief is not precluded from denying relief on the basis of article 930.8 even though the lower court addressed the merits of the case. *Glover*, 660 So.2d at 1201-02.

8

in connection with his Motion to Correct Illegal Sentence. However, on that sole occasion, the Louisiana Supreme Court clearly and expressly relied on Article 930.8 to deny petitioner relief and did not consider the merits of petitioner's claims. See *State of Louisiana ex rel. James L. Soileau v. State of Louisiana*, 2005-0837 (La. 1/27/2006), 922 So.2d 538.

The procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule.[7] *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). This court is authorized to raise the issue of procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims. *Magouirk v. Phillips*, 144 F.3d 348, 357-58 (5th Cir. 1998).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. In such circumstances, the federal courts may look beyond the procedural default only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct.

---

[7] Procedural default also exists when a petitioner has failed to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). See *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999).

2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002).

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified in this case, Louisiana Code of Criminal Procedure article 930.8, satisfies both requirements. Review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke article 930.8 to decline review of untimely filed post-conviction pleadings. Moreover, the last reasoned judgment of the state court, that of the Louisiana Supreme Court, specifically relied on article 930.8 when it declined review of the merits of petitioner's claims. Finally, the Fifth Circuit has held that article 930.8 is an adequate and independent bar to federal *habeas* review. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997). Accordingly, this court may refuse to review the merits of this petition under the procedural default doctrine unless petitioner demonstrates cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review.

When the procedural rule has been shown to be both adequate and independent, the *habeas* petitioner must then show cause and prejudice or that a complete miscarriage of justice will occur if the merits of the claim are not considered. *Sykes*, 433 U.S. at 87-88. According to the Supreme Court, "cause" means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). Courts are not required to examine the prejudice prong if the petitioner has failed to demonstrate cause for his default. *Saahir*, 956 F.2d at 118. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 *quoting McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has made neither showing. Therefore, the undersigned concludes that petitioner's claims are procedurally barred from federal *habeas* review.

Accordingly, in the alternative, it is recommended that petitioner's claims should be denied and dismissed with prejudice because the claims are barred by the doctrine of procedural default.

For the reasons set forth hereinabove;

**IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d), and alternatively, that petitioner's claims be **DENIED and DISMISSED** with prejudice because they are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 19 day of June, 2006.

COPY SENT:
DATE: 6-19-06
BY: gbr
TO: RFD
CmH

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

12